**AFFIRM; and Opinion Filed December 12, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01349-CR

**DONALD WAYNE JONES, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court No. 11**
**Dallas County, Texas**
**Trial Court Cause No. MA-1532770-N**

## MEMORANDUM OPINION

Before Justices Francis, Stoddart, and Schenck
Opinion by Justice Schenck

A jury found appellant Donald Wayne Jones guilty on one count of assault against a member of his family or household. TEX. PENAL CODE ANN. § 22.01(a)(1) (West 2015). The court assessed punishment at 150 days in jail, probated for 15 months, and ordered him to complete the Batterer's Intervention Program and a Domestic Violence Impact Panel. In a single issue, appellant contends he received ineffective assistance of counsel because trial counsel did not request a jury instruction on self-defense. We overrule appellant's issue and affirm his conviction. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### BACKGROUND

On the evening of December 13, 2014, appellant and his wife Teresa Jones were involved in a physical altercation at their home. The altercation occurred after Teresa accused appellant of

engaging in an illicit affair. A verbal argument ensued and escalated to a physical altercation that ultimately caught the attention of appellant's neighbor, Diedra Sutton. Sutton, while retrieving an item from a vehicle parked in her driveway, witnessed appellant standing on his front porch, kicking a woman. She then saw him try to pull the woman into the house at which time she heard the woman scream "help me, please, somebody, help me." Sutton called the police. Sergeant Pearson responded to the call. He interviewed appellant and Teresa and placed appellant under arrest.

Appellant was charged by information with the offense of assault of a family member for striking, dragging, and kicking his wife Teresa. Appellant pled not guilty and the case proceeded to trial by jury.

At trial, Sergeant Pearson recounted his interviews of Teresa and appellant. He testified that when he arrived at appellant's house he found Teresa outside crying. She told him appellant had punched her in the head, kicked her in the posterior, dragged her to the front door, and shoved her outside the house. Sergeant Pearson further testified that he felt two large lumps on the side of Teresa's head, noticed clumps of hair had been pulled from her head, and observed an abrasion on her hand. Teresa thought the abrasion may have been caused by her resisting appellant's attempt to push her out of the house. Sergeant Pearson testified appellant told him that Teresa was angry with him and accused him of cheating on her after finding male enhancement drugs in the house. He claimed Teresa kicked him in the groin and scratched him on the hand. Sergeant Pearson asked to see appellant's hands. There were no scratches on them. Appellant commented to Sergeant Pearson, "I heal quickly."

Appellant testified that on the evening in question, Teresa confronted him about the male enhancement drugs she had found. He explained that he had grabbed her, while her hands were at her side, because he thought she was going to hit him. He claimed Teresa then kneed him in

the groin and he responded by pushing her, which caused her to fall to the ground. Appellant wanted her out of the house so he struggled to get her out the front door. Appellant admitted that in the process he may have pulled some of Teresa's hair. He claimed he did not kick Teresa, but merely used his foot to release her foot's brace on the door to get her out of the house.

After hearing testimony from appellant, Teresa, Sutton, Sergeant Pearson, and a victim's advocate, the jury found appellant guilty of the offense.[1] Pursuant to an agreement between the State and appellant, appellant was sentenced by the trial court. Appellant filed a motion for new trial arguing the verdict is contrary to the law and evidence. The motion for new trial was denied by operation of law. This appeal followed.

## STANDARD OF REVIEW

To prevail on a claim for ineffective assistance of counsel, an appellant must show by a preponderance of the evidence that (1) trial counsel's performance fell below the objective standard of reasonableness; and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 690–92 (1984); *Hernandez v. State*, 726 S.W.2d 53, 54–57 (Tex. Crim. App. 1986) (adopting *Strickland* standards in Texas).

## DISCUSSION

The record must be sufficiently developed to overcome a strong presumption that counsel provided reasonable assistance. *Thompson v. State,* 9 S.W.3d 808, 813–14 (Tex. Crim. App. 1999). An appellate court looks to the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel. *Id.* at 813. The record in this case is silent as to why appellant's counsel chose not to request an instruction on self-defense. Appellant raises his claim of ineffective assistance for the first time on appeal;

---

[1] At trial, Teresa was a hostile witness to the prosecution because she wanted the charges against appellant dropped. The victim's advocate testified about her interview of Teresa and explained why she would try to protect her husband.

appellant did not make this claim at trial or in his motion for new trial.

The court of criminal appeals addressed a similar claim of ineffective assistance of counsel in a case where the defendant's trial counsel failed to request a self-defense instruction. *See Beatty v. State*, No. AP-75010, 2009 WL 619191 (Tex. Crim. App. Mar. 11, 2009) (per curium, not designated for publication). In that case, the court of criminal appeals stated:

> We have consistently observed that usually "the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking tactical or strategic decision-making as to overcome the strong presumption that counsel's conduct was reasonable and professional." Here, we can only speculate why counsel acted or failed to act; thus, we presume that counsel's actions were within the wide range of reasonable and professional assistance.

*Id.* at \*10 (citations omitted).

In this case, as in *Beatty*, we can only speculate why counsel did not request a self-defense instruction; thus, we presume that counsel's actions were within the wide range of reasonable and professional assistance. *See id.* We overrule appellant's sole issue.

## CONCLUSION

We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47

151349F.U05

–4–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

DONALD WAYNE JONES, Appellant

No. 05-15-01349-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court
No. 11, Dallas County, Texas
Trial Court Cause No. MA-1532770-N.
Opinion delivered by Justice Schenck.
Justices Francis and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 12th day of December, 2016.